UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CURTIS JOSEPH,                                              Index No.: 20 CV 2539

                                    Plaintiff              **FIRST AMENDED COMPLAINT**

        *-against-*                                        PLAINTIFF DEMANDS
                                                           TRIAL BY JURY
 CITY OF NEW YORK,
 POLICE OFFICER FRANK HERNANDEZ; and
 POLICE OFFICER JOHN DOE,

                                    Defendants.

----------------------------------------------------------X

        Plaintiff CURTIS JOSEPH, by his attorney, Alexis G. Padilla, complaining of the

defendants, CITY OF NEW YORK, POLICE OFFICER FRANK HERNANDEZ ("P.O.

HERNANDEZ") and POLICE OFFICER JOHN DOE ("P.O. JOHN DOE"), upon information

and belief alleges as follows:

### PRELIMINARY STATEMENT

        1.      This is a civil rights action in which the plaintiff CURTIS JOSEPH, seeks relief for

the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff

seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the

plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff CURTIS JOSEPH, is a United States citizen of full age and a resident of Kings County, New York.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7.      Defendant POLICE OFFICER FRANK HERNANDEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. HERNANDEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of his lawful functions in the course of his duty.

He is sued individually and in his official capacity.

8.        Defendant POLICE OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9.        On or about July 27, 2019, in front of 335 Sutter Avenue in Kings County, plaintiff was sitting in the front passenger side seat of his own car, with the engine running.

10.      Defendants POLICE OFFICER FRANK HERNANDEZ and POLICE OFFICER JOHN DOE approached plaintiff's vehicle with flashlights and began peering into his car.

11.      Defendant P.O. HERNANDEZ asked plaintiff if there was marijuana in the back seat of his car.

12.      Plaintiff then exited the vehicle, opened the back door and grabbed what defendant P.O. HERNANDEZ claimed to be marijuana, displaying the contents in a demonstrative manner to show that it was regular garden leaves and not marijuana.

13.      Both defendants acknowledged that the leaves were not marijuana.

14. However, both defendants continued to look into the vehicle with their flashlights.

15. Plaintiff asked defendants to please move away from his vehicle. He then closed the doors and began to walk back inside of the building when he was told by defendant P.O. HERNANDEZ that he was being detained and that he was not free to go.

16. Plaintiff asked why and the officers responded by placing him in handcuffs.

17. Plaintiff was then placed inside of a police vehicle and transported to the 73rd Precinct of the NYPD where he was placed in a cell.

18. Plaintiff remained in that cell for hours before he was handed a summons and released.

19. The summons cited plaintiff for disorderly conduct.

20. The summons was eventually dismissed.

21. At no point during the events described above did plaintiff commit any act for which he could reasonably be accused of disorderly conduct.

22. At no point during the events described above did plaintiff commit any act for which he could reasonably be given a summons.

23. At no point during the events described above did plaintiff commit any act for which he could reasonably be arrested.

24. At no point during the events described above did either defendant have reason to believe that plaintiff had committed an act for which he could reasonably be arrested or given a summons.

25. At all times during the events described above defendants knew or should have known that they lacked probable cause to arrest plaintiff.

26.     At all times during the events described above defendants knew or should have

known that they lacked probable cause to issue a summons to plaintiff for disorderly conduct.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to
the United States Constitution as against all defendants*

27.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

28.     At all times during the events described above, defendants lacked probable cause

to arrest plaintiff.

29.     At all times during the events described above defendants acted under the color of

state law.

30.     The acts complained of were carried out by defendants in their capacity as police

officers, with all actual and/or apparent authority afforded thereto.

31.     The arrest of plaintiff by defendants deprived plaintiff of the right to be free from

arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States of America, and in

violation of 42 U.S.C. § 1983.

32.     As a result of the aforementioned acts of defendants, plaintiff suffered a period of

false imprisonment.

33.     All charges against plaintiff were eventually dismissed.

## AS FOR A SECOND CAUSE OF ACTION
*Failure to Intervene as against POLICE OFFICER JOHN DOE*

34.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

35.     At all times relevant to this Complaint, defendant POLICE OFFICER JOHN DOE

was aware that neither he nor his partner, P.O. HERNANDEZ had probable cause to arrest

plaintiff.

36.     At all times relevant to this Complaint, defendant P.O. JOHN DOE had a duty to

intervene and put a stop to the unlawful arrest of plaintiff.

37.     At all times relevant to this Complaint, defendant P.O. JOHN DOE had the

opportunity to intervene and put a stop to the unlawful arrest of plaintiff.

38.     At all times relevant to this Complaint, defendant P.O. JOHN DOE failed to

intervene and put a stop to the unlawful arrest of plaintiff.

39.     As a result of P.O. JOHN DOE's failure to intervene, plaintiff did suffer damages,

including but not limited to a period of false imprisonment.

## AS FOR A THIRD CAUSE OF ACTION
*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

40.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

41.     The CITY OF NEW YORK directly caused the constitutional violations suffered

by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the

defendants.  The conduct of the defendants was a direct consequence of inadequate training and

supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York

Police Department.

42.     At all times relevant to this complaint defendant CITY OF NEW YORK through

its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of

his sworn oath to uphold the Constitution.

43.     At all times relevant to this complaint it was the policy and/or custom of the CITY

OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing

to adequately discourage the misuse of arrest power as described in this complaint.

44.     As a result of the policies and customs of the CITY OF NEW YORK and its agency

the New York Police Department, police officers – including the defendants on the day in question

– believe that their unconstitutional actions will not result in discipline but will in fact be

tolerated.

45.     The wrongful polices, practices and customs complained of herein, demonstrates

a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the

violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the

defendants for compensatory damages in an amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such

other and further relief as this Court may deem just and proper.

Dated:  November 16, 2020
       Brooklyn, NY

             By:        */s/Alexis G. Padilla*
                     Alexis G. Padilla, Esq. [AP8285]
                     *Attorney for Plaintiff*
                     *Curtis Joseph*
                     290 Howard Avenue
                     Brooklyn, NY 11233
                     (917) 238-2993
                     alexpadilla722@gmail.com